UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Leon Henry,

    Plaintiff,

v.

Clark County School District,

    Defendant.

2:15-cv-00295-JAD-VCF

**Order Granting Leave to Amend to Abandon Federal Claims and Remanding Case**
[##10, 12, 16, 17]

Plaintiff Leon Henry sued his employer—the Clark County School District—in Nevada's Eighth Judicial District Court, asserting two claims for violation of the Family and Medical Leave Act (FMLA) and a third claim for violation of Nevada's employment laws. Doc. 1. The School District removed the case to federal court based on Henry's federal FMLA claims. *Id.*

Claiming that discovery has revealed that he did not qualify for FMLA benefits, Henry first moved to dismiss his FMLA claims. Doc. 12. He then recognized that Rule 41(a)(2) does not authorize the relief he seeks, so he filed a new motion to amend his complaint to abandon the FMLA claims, and he asks the court to remand his remaining state-law claim. Docs. 10, 16. The School District originally did not oppose Henry's request to dismiss his claims if he were ordered to pay fees and costs, the claims are dismissed with prejudice, and Henry were precluded from later amending his complaint to add new federal claims. Doc. 13 at 8. It argues that the court should deny amendment, however, and instead grant its motion for summary judgment on Henry's admittedly meritless claims. Doc. 19. The court now denies Henry's motion for voluntary dismissal but grants leave to amend, remands this case back to state court, and denies as moot the School District's motion for summary judgment.

**A.     Voluntary Dismissal—or Abandonment by Amendment—of Federal Claims**

Rule 41(a)(2) permits the court to dismiss an action "at the plaintiff's request . . . on terms

that the court considers proper."[1] The rule does not permit the dismissal of some but not all claims.[2] "Rule 15, not rule 41, governs the situation when a party dismisses some, but not all, of its claims."[3] Because Henry seeks to dismiss only some, but not all, of his claims, he cannot avail himself of Rule 41(a)(2)'s dismissal procedure.

He can, however, abandon his claims by amending his complaint under Rule 15. *Id.* Federal Rule of Civil Procedure 15 permits a party to amend his complaint with leave of court, and that leave must be freely given when justice requires.[4] The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality."[5] The factors commonly considered to determine the propriety of amendment are identified in *Foman v. Davis* as: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment.[6]

The *Foman* factors weigh in favor of permitting Henry to abandon his FMLA claims. The School District's main challenge to amendment is that Henry should never have brought these claims in the first place—or should have dismissed them earlier, before leave was needed—because he should have known he could not state FMLA claims. Doc. 19. The District argues that the court should instead grant summary judgment in its favor on these claims and award it costs and fees due to the frivolity of these claims. In essence, the District is making a Rule 11 argument without having taken the time and effort to follow the procedure mandated by Rule 11 to earn fees and costs for claims that lack merit from inception. The court perceives the meritlessness of these claims as a reasonable and judicially economical basis for permitting Henry to abandon them at this nascent stage of this case, not as a reason to deny the requested amendment. Whether Henry and his counsel

---

[1] Fed. R. Civ. P. 41(a)(2).

[2] *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 687-88 (9th Cir. 2005).

[3] *Id.* at 687 (quoting *Gen Signal Corp. v. MCI Telecomms. Corp*, 66 F.3d 1500, 1513 (9th Cir. 1995)).

[4] Fed. R. Civ. P. 15(a)(1)-(2).

[5] *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

[6] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

should have known from the beginning of this case that Henry lacked a viable FMLA claim or not, the record reflects that Henry began to take steps to abandon these federal claims within just three months of filing this case in state court. Thus, although the School District may argue that Henry's filing of these claims was bad faith, this motion to abandon them is not, nor does the court find that the abandonment of these claims by amendment will result in undue delay or prejudice to the School District.[7] Accordingly, the court finds good cause to permit Henry to amend his complaint to abandon the federal claims, and the Clerk of Court will be instructed to file the amended complaint (Doc. 16 at 8-12).

**B.    Remand**

The abandonment of Henry's FLSA claims leaves only a state-law claim over which this court has been exercising supplemental jurisdiction.[8] Supplemental jurisdiction is a doctrine of discretion, not of right.[9] A federal district court may decline to exercise supplemental jurisdiction over a state law claim if "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[10] The decision whether to decline to exercise supplemental jurisdiction under Section 1367(c) should be informed by the values of economy, convenience, fairness, and comity.[11] And 28 U.S.C. § 1447(c) dictates, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Economy, convenience, fairness, and comity compel me to decline to continue to exercise

---

[7] For these same reasons, the court does not find that an award of fees or costs is warranted.

[8] *See* 28 U.S.C. § 1367.

[9] *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

[10] 28 U.S.C. § 1367(c).

[11] *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

supplemental jurisdiction over plaintiff's remaining state-law claim. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."[12] The balance of factors points toward declining to continue to exercise jurisdiction over Henry's remaining claim. Accordingly, I decline to retain jurisdiction over plaintiff's remaining claim and grant his request (Doc. 10) to remand this action back to the Eighth Judicial District Court, Case No. A-15-712395-C, for all further proceedings. In light of these rulings, the School District's motion for summary judgment (Doc. 17) is denied as moot.

## Conclusion

Accordingly, IT IS HEREBY ORDERED THAT:

- Plaintiff Leon Henry's motion to voluntarily dismiss his federal claims **[Doc. 12] is DENIED**;
- Henry's motion for leave to amend **[Doc. 16] is GRANTED**;
- The Clark County School District's Motion for Summary Judgment **[Doc. 17] is DENIED as moot**; and
- **The Clerk of Court is instructed to file the Amended Complaint (Doc. 16 at 8-12) and then immediately remand this case back to the Eighth Judicial District Court, Case No. A-15-712395-C.**

Dated this 3rd day of June, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[12] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).